MEMORANDUM *
The district court held that the parties had agreed that interest on the amount of their settlement should be compounded and that the general rule of simple interest from Aaska Statutes section 09.30.070(a) did not apply. Exxon appeals, arguing that, under Aaska state law, it should have been allowed to present extrinsic evidence of the parties’ intent regarding prejudgment interest. Exxon also appeals the district court’s order denying leave to amend its answer to add a counterclaim for reformation.
We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court’s interpretation and application of state law. Salve Regina Coll. v. Russell, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). In Aaska, the parol evidence rule is a substantive rule of state law. Alaska Diversified Contractors, Inc. v. Lower Kuskokwim Sch. Dist., 778 P.2d 581, 583 (Alaska 1989).
When interpreting a contract, a court’s duty is to “ascertain and give effect to the reasonable intentions of the contracting parties.” Estate of Polushkin ex rel. Polushkin v. Maw, 170 P.3d 162, 167 (Alaska 2007) (internal quotation marks omitted). The parties’ reasonable intentions are determined by “resorting to the language of the disputed provision and other provisions, relevant extrinsic evidence, and case law interpreting similar provisions.” Id. (emphasis added) (alteration and internal quotation marks omitted). Under Aaska law, “[i]t is not necessary to find that an agreement is ambiguous before looking to extrinsic evidence as an aid” to determine its meaning. Id.; see also Municipality of Anchorage v. Gentile, 922 P.2d 248, 258-59 (Alaska 1996) (stating that “courts may use extrinsic evidence regarding the intent of the parties to interpret a contract regardless of whether the contract appears to be ambiguous on its face or not ” (internal quotation marks omitted) (emphasis added)). Aso, although the parol evidence rule precludes introduction of evidence about prior agreements or negotiations if there is an integrated contract embodying the final agreement of the parties, “extrinsic evidence is always admissible on the question of the meaning of the words of the contract itself.” Casey v. Semco Energy, Inc., 92 P.3d 379, 383 (Alaska 2004).
The fact that Defendants acknowledged in post-contractual briefing that interest would not be compounded under the Aas-ka statute bears on the question whether the parties had agreed to compound the interest. The parol evidence rule does not bar admission of this evidence because the rule, by its own terms, bars only evidence of “prior” agreements, not post-contractual conduct. Id. Moreover, the Settlement Agreement provided that Exxon would pay prejudgment interest “as provided by law.” Extrinsic evidence is admissible to ascer *547 tain the meaning of the term “as provided by law,” including whether the phrase refers only to the default Alaska rule applying simple interest, even though the Agreement contained an integration clause. Id.
We conclude that the district court erred in failing to consider extrinsic evidence regarding whether the parties agreed to compound interest. Although the district court stated that Exxon was not precluded from offering additional evidence before it made its decision, Exxon understandably did not interpret the district court’s failure to rule on Exxon’s request to order supplemental briefing as an invitation to supplement the record on its own accord.
We conclude that the district court did not abuse its discretion in denying leave to supplement the answer to add a counterclaim for reformation. Under Federal Rule of Civil Procedure 15(d), while leave to permit a supplemental pleading is “favored,” see Keith v. Volpe, 858 F.2d 467, 473 (9th Cir.1988), “it cannot be used to introduce a separate, distinct, and new cause of action,” Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir.1997) (per curiam) (internal quotation marks omitted). In this case, the reformation claim not only could have been the subject of a separate action, but actually is the subject of a separate action with an appeal pending in this court, Exxon Mobil Corp. v. Polar Equipment, Inc., No. 08-35977. Therefore, the district court permissibly denied Exxon leave to supplement its answer.
REVERSED in part and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.